UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,

*Plaintiff,*

v.

RYAN COHEN
c/o RC Ventures, LLC
P.O. Box 25250
PMB 30427
Miami, FL 33102

*Defendant.*

Civil Action No.

**COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS OF THE HART-SCOTT RODINO ACT**

The United States of America, acting under the direction of the Attorney General of the United States and at the request of the United States Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Ryan Cohen ("Cohen"). The United States alleges as follows:

## I. NATURE OF THE ACTION

1. Cohen violated the notice and waiting period requirements of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust

Improvements Act of 1976 ("HSR Act" or "Act"), in March 2018 when he acquired voting securities of Wells Fargo & Company ("Wells Fargo") in excess of the threshold for filing established by the HSR Act.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over Defendant by virtue of Defendant's consent in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3. Venue is proper in this District by virtue of Defendant's consent in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## III.     THE DEFENDANT

4. Defendant Cohen is a natural person with his principal office and place of business at RC Ventures, LLC, P.O. Box 25250, PMB 30427, Miami, FL 33102. Cohen is an entrepreneur and is the managing member of RC Ventures, LLC. Cohen is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Cohen had sales or assets that met the operative threshold.

## IV.     OTHER ENTITY

5. Wells Fargo & Company is a corporation organized under the laws of Delaware with its principal place of business at 420 Montgomery Street, San Francisco, CA 94104. Wells Fargo is engaged in commerce, or in activities affecting commerce, within the meaning of

Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Wells Fargo had sales or assets that met the operative threshold.

## V. THE HART-SCOTT-RODINO ACT AND RULES

6. The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Department of Justice and the Federal Trade Commission (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). These notification and waiting period requirements apply to acquisitions that meet the HSR Act's size of transaction and size of person thresholds, which have been adjusted annually since 2004. The size of transaction threshold is met for transactions valued over $50 million, as adjusted ($84.4 million in 2018). In addition, there is a separate filing requirement for transactions in which the acquirer will hold voting securities in excess of $100 million, as adjusted ($168.8 million in 2018). With respect to the size of person thresholds, the HSR Act requires one person involved in the transaction to have sales or assets in excess of $10 million, as adjusted ($16.9 million in 2018), and the other person to have sales or assets in excess of $100 million, as adjusted ($168.8 million in 2018).

7. The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with the opportunity to

investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

8. At all times relevant to this complaint, the HSR Act required, *inter alia,* an acquirer who meets the operative threshold who, as a result of an acquisition, would hold voting securities in excess of a relevant filing threshold of an issuer who also meets the operative threshold, to file premerger notification and report forms with the federal antitrust agencies and to observe the required waiting period before making the acquisition, unless otherwise exempted.

9. As codified in 15 U.S.C. § 18a(c)(9), the Act exempts from the requirements of the HSR Act acquisitions of voting securities "solely for the purpose of investment" if, as a result of the acquisition, the securities held do not exceed 10 percent of the outstanding voting securities of the issuer.

10. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

11. Section 801.1(i)(1) of the HSR Rules, 16 C.F.R. § 801.1(i)(1), defines the term "solely for the purpose of investment" as follows:

> Voting securities are held or acquired "solely for the purpose of investment" if the person holding or acquiring such voting securities has no intention of participating in the formulation, determination, or direction of the basic business decisions of the issuer.

12. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person

is in violation. Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), the dollar amounts of civil penalties listed in Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, are adjusted annually for inflation; the maximum amount of civil penalty in effect at the time of Cohen's corrective filing was $43,792 per day. 86 Fed. Reg. 2541 (January 13, 2021).

## VI. DEFENDANT'S VIOLATION OF THE HSR ACT

13. Beginning in June 2016, Cohen made periodic acquisitions of Wells Fargo voting securities.

14. On February 5, 2018, Cohen emailed Wells Fargo's CEO to advise him of the contributions he could make to Wells Fargo should he become a member of the Board of Directors. Cohen also made suggestions on how Wells Fargo could improve its operations, such as improving its technology and mobile app. Cohen proceeded to have periodic communications with Wells Fargo's leadership regarding suggestions to improve Wells Fargo's business and to advocate for a potential board seat through at least April 2020.

15. On March 22, 2018, Cohen acquired 562,077 voting securities in Wells Fargo in the open market, which resulted in his aggregated holdings of Wells Fargo voting securities exceeding the $100 million threshold, as adjusted, which in March 2018, was $168.8 million.

16. Cohen's acquisitions of Wells Fargo voting securities described in Paragraph 15 above were not exempt under the HSR Act's "solely for the purpose of investment" exemption. Although Cohen's holdings of Wells Fargo voting securities did not exceed 10 percent of the

outstanding voting securities, Cohen's intent when he made the March 22, 2018, acquisitions of Wells Fargo voting securities was to participate "in the formulation, determination, or direction of the basic business decisions" of Wells Fargo, as evidenced, *inter alia,* by Cohen's email on February 5, 2018, wherein he advocated to join the Wells Fargo's board as described in Paragraph 14.

17. Although required to do so, Cohen did not file anything under the HSR Act or observe the HSR Act's waiting period prior to completing the March 22, 2018, transaction.

18. From March 22, 2018, through September 2, 2020, Cohen continued to acquire Wells Fargo voting securities through open market purchases, and in twenty instances those acquisitions exceeded 100,000 shares. For example, Cohen acquired: 350,000 voting securities on August 14, 2019; 354,131 voting securities on March 10, 2020; 366,316 voting securities on July 20, 2020; and 500,000 voting securities on August 5, 2020.

19. All these acquisitions described in Paragraph 18 were made on the open market. Open market acquisitions require an acquirer to decide affirmatively and actively to acquire voting securities; given the scope of Cohen's open market acquisitions, it was not excusable negligence for him to be unaware of HSR Act legal requirements.

20. On January 14, 2021, Cohen made a corrective filing under the HSR Act for the acquisition he made on March 22, 2018. That acquisition resulted in Cohen's aggregated holdings of Wells Fargo voting securities exceeding the $100 million threshold, as adjusted.

21. Cohen was in continuous violation of the HSR Act from March 22, 2018, when he acquired the Wells Fargo voting securities valued in excess of the HSR Act's $100 million filing

threshold, as adjusted, through February 16, 2021, when the waiting period expired on his corrective filing.

## VII. REQUESTED RELIEF

WHEREFORE, the United States requests:

a. that the Court adjudge and decree that Defendant's acquisitions of Wells Fargo voting securities from March 22, 2018, through September 2, 2020, were violations of the HSR Act, 15 U.S.C. § 18a; and that Defendant was in violation of the HSR Act each day from March 22, 2018, through February 16, 2021;

b. that the Court order Defendant to pay to the United States an appropriate civil penalty as provided by the Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104 134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 86 Fed. Reg. 2541 (January 13, 2021);

c. that the Court order such other and further relief as the Court may deem just and proper; and

d. that the Court award the United States its costs of this suit.

Dated: ______________________

FOR THE PLAINTIFF UNITED STATES OF AMERICA:

Jonathan Kanter Digitally signed by Jonathan Kanter Date: 2024.09.13 16:16:57 -04'00'

Jonathan Kanter
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, D.C. 20530

MARIBETH PETRIZZI Digitally signed by MARIBETH PETRIZZI Date: 2024.09.17 09:21:53 -04'00'

Maribeth Petrizzi
DC Bar No. 435204
Special Attorney

KENNETH LIBBY Digitally signed by KENNETH LIBBY Date: 2024.09.17 09:44:37 -04'00'

Kenneth A. Libby
Special Attorney

JENNIFER LEE Digitally signed by JENNIFER LEE Date: 2024.09.17 09:30:19 -04'00'

Jennifer Lee
Special Attorney

Danielle Sims Digitally signed by Danielle Sims Date: 2024.09.17 09:39:49 -04'00'

Danielle Sims
DC Bar No. 982506
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2694