**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN<br><br>*Defendant*. | Civil Action No. |

## [PROPOSED] FINAL JUDGMENT

WHEREAS the United States of America filed its Complaint on September 18, 2024, alleging that Defendant Ryan Cohen violated Section 7A of the Clayton Act (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "HSR Act"));

AND WHEREAS the United States and Defendant have consented to the entry of this Final Judgment without the taking of testimony, without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED:

### I.      JURISDICTION

The Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief can be granted against Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

## II.    CIVIL PENALTY

Judgment is hereby entered in this matter in favor of the United States and against Defendant, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 87 Fed. Reg. 1070 (January 10, 2022), Defendant is hereby ordered to pay a civil penalty in the amount of nine hundred eighty-five thousand three hundred and twenty dollars ($985,320). Payment of the civil penalty ordered hereby must be made by wire transfer of funds or cashier's check. If the payment is to be made by wire transfer, prior to making the transfer, Defendant will contact the Budget and Fiscal Section of the Antitrust Division's Executive Office at ATR.EXO-Fiscal-Inquiries@usdoj.gov for instructions. If the payment is made by cashier's check, the check must be made payable to the United States Department of Justice – Antitrust Division and delivered to:

> Chief, Budget & Fiscal Section
> Executive Office, Antitrust Division
> United States Department of Justice
> Liberty Square Building
> 450 5th Street, NW
> Room 3016
> Washington, D.C. 20530

Defendant must pay the full amount of the civil penalty within thirty (30) days of entry of this Final Judgment. In the event of a default or delay in payment, interest at the rate of eighteen percent (18%) per annum will accrue thereon from the date of the default or delay to the date of payment.

## III.    COSTS

Each party will bear its own costs of this action, except as otherwise provided in Paragraph IV.C.

## IV.    ENFORCEMENT OF FINAL JUDGMENT

A.    The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from the Court. Defendant agrees that in a civil contempt action, a motion to show cause, or a similar action brought by the United States regarding an alleged violation of this Final Judgment, the United States may establish a violation of this Final Judgment and the appropriateness of a remedy therefor by a preponderance of the evidence, and Defendant waives any argument that a different standard of proof should apply.

B.    Defendant agrees that he may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. The terms of this Final Judgment should not be construed against either party as the drafter.

C.    In connection with a successful effort by the United States to enforce this Final Judgment against Defendant, whether litigated or resolved before litigation, Defendant agrees to reimburse the United States for the fees and expenses of its attorneys, as well as all other costs

including experts' fees, incurred in connection with that enforcement effort, including in the investigation of the potential violation.

## V.    EXPIRATION OF FINAL JUDGMENT

This Final Judgment will expire upon payment in full by the Defendant of the civil penalty required by Section II of this Final Judgment.

## VI.    PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Dated: _____

[Court approval subject to the procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16]

_____
United States District Judge