**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN,<br><br>*Defendant*. | Civil Action No. |

**UNITED STATES' EXPLANATION OF PROCEDURES UNDER THE ANTITRUST PROCEDURES AND PENALTIES ACT**

The United States submits this memorandum summarizing the procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) (the "APPA" or "Tunney Act"), related to the Court's review of the Stipulation and Order ("Stipulation and Order") and the proposed Final Judgment in this matter, which were filed at the same time as this Explanation.

1. The United States has filed a proposed Final Judgment and a Stipulation and Order, to which the United States and Defendant have agreed, and the United States has filed a Competitive Impact Statement explaining the proposed settlement. The United States and Defendant have also agreed that the Court may enter the proposed Final Judgment after the requirements of the Tunney Act have been satisfied.

2. The United States and Defendant ask that the Court sign the Stipulation and Order as soon as possible. The Stipulation and Order will ensure that, during the Tunney Act proceedings, Defendant will comply with the provisions of the proposed Final Judgment.

3. The Court should not sign the proposed Final Judgment until the requirements of the Tunney Act are satisfied. In cases where the Tunney Act applies, it requires that the United

States (a) publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and (b) cause a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement to be published in one or more newspapers at least 60 days before the Court signs the proposed Final Judgment.[1]  The newspaper notice(s) will inform the public how to submit comments about the proposed Final Judgment.  Defendant has agreed to arrange and pay for the required newspaper notice(s).

4. During the 60-day period following publication in the *Federal Register*, the United States will consider any comments it receives.  After the 60-day period has ended, the United States will prepare a response to any comments and will (a) file with the Court the comments and the United States' response and (b) publish the comments and the United States' response in the *Federal Register* unless this Court authorizes an alternative method of public dissemination of the public comments and the response to those comments pursuant to the Tunney Act, 15 U.S.C. § 16(d).  After the comments and the United States' response have been filed with the Court and published, the United States may move the Court to enter the proposed Final Judgment unless the United States has withdrawn its consent to entry of the Final Judgment, as permitted by Paragraph 2 of the Stipulation and Order.

---

[1] A court in this district held that the APPA applies to settlements for civil penalties in cases brought under Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "HSR Act"). *See United States v. Blavatnik*, No. 1:15-cv-01631-RDM (D.D.C. Feb. 12, 2016) (order denying entry of final judgment) (Moss, J.). Prior to *Blavatnik*, courts in this district had entered judgments in civil penalty cases under the HSR Act in forty-seven cases without applying the APPA. *See, e.g.*, *United States v. Berkshire Hathaway Inc.*, 2014-2 Trade Cas. (CCH) ¶ 78,870 (D.D.C. Aug. 20, 2014) (Howell, J.); *United States v. Diller*, 2013-1 Trade Cas. (CCH) ¶ 78,446 (D.D.C. July 3, 2013) (Kessler, J.); *United States v. MacAndrews & Forbes Holdings Inc.*, 2013-1 Trade Cas. (CCH) ¶ 78,443 (D.D.C. July 1, 2013) (Jackson, J.); *United States v. Biglari Holdings, Inc.*, 2013-1 Trade Cas. (CCH) ¶ 78,409 (D.D.C. May 30, 2013) (Leon, J.); *United States v. Roberts*, 2011-2 Trade Cas. (CCH) ¶ 77,742 (D.D.C. Dec. 28, 2011) (Kollar-Kotelly, J.); *United States v. Smithfield Foods, Inc.*, 2010-1 Trade Cas. (CCH) ¶ 76,880 (D.D.C. Jan. 25, 2010) (Huvelle, J.); *United States v. Malone*, 2009-1 Trade Cas. (CCH) ¶ 76,659 (D.D.C. Jun. 25, 2009) (Kennedy, J.). Although the United States takes no position as to whether *Blavatnik* was correctly decided, in light of the court's opinion, the United States has elected to follow the APPA procedures in this case.

5.      If the United States moves the Court to enter the proposed Final Judgment after compliance with the Tunney Act, the Court may enter the Final Judgment without a hearing if the Court concludes that the Final Judgment is in the public interest.

Dated: September 18, 2024, 2024

Respectfully submitted,

/s/ Kenneth A. Libby
Kenneth A. Libby
Maribeth Petrizzi
D.C. Bar No. 435204
Jennifer Lee
Danielle Sims
D.C. Bar No. 982506
Special Attorneys
U.S. Department of Justice
Antitrust Division
c/o Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Phone: (202) 326-2694
Email: klibby@ftc.gov