# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RYAN COHEN<br><br>*Defendant.* | Civil Action No. 1:24-cv-02670-RJL |

## CERTIFICATE OF COMPLIANCE WITH PROVISIONS OF THE ANTITRUST PROCEDURES AND PENALTIES ACT

Plaintiff, United States of America, by the undersigned attorney, hereby certifies that, in compliance with the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16 ("APPA"), the following procedures have been followed in preparation for the entry of the Final Judgment in this matter:

1. The Complaint, Competitive Impact Statement, proposed Final Judgment, and Stipulation were filed with the Court on September 18, 2024. The parties have agreed to the Court's entry of the Final Judgment following compliance with the APPA.

2. Pursuant to 15 U.S.C. § 16(b), the proposed Final Judgment and Competitive Impact Statement were published in the *Federal Register* on September 25, 2024 (*see* 89 Fed. Reg. 78330-336).

1

3. Pursuant to 15 U.S.C. § 16(b), copies of the proposed Final Judgment and Competitive Impact Statement were furnished to all persons requesting them and made available on the Department of Justice, Antitrust Division's internet site, as were the Complaint and Stipulation.

4. Pursuant to 15 U.S.C. § 16(c), a summary of the terms of the proposed Final Judgment was published in *The Washington Post,* a newspaper of general circulation in the District of Columbia, for seven days over a period of two weeks beginning on September 27, 2024, and ending on October 3, 2024.

5. As noted in the Competitive Impact Statement, there were no determinative materials or documents within the meaning of 15 U.S.C. § 16(b) that were considered by the United States in formulating the proposed Final Judgment, so none was furnished to any person pursuant to 15 U.S.C. § 16(b) or listed pursuant to 15 U.S.C. § 16(c).

6. As required by 15 U.S.C. § 16(g), on October 11, 2024, Defendant filed with the Court a description of written or oral communications by or on behalf of Defendant, or any other person, with any officer or employee of the United States concerning the proposed Final Judgment.

7. The sixty-day comment period prescribed by 15 U.S.C. § 16(b) and (d) for the receipt and consideration of written comments, during which the proposed Final Judgment could not be entered, ended on December 2, 2024. The United States did not receive any comments on the proposed Final Judgment.

8. The parties have satisfied all the requirements of the APPA that were conditions for entering the proposed Final Judgment. The Court may now enter the Final Judgment if the

Court determines that, pursuant to 15 U.S.C. § 16(e), entry of the Final Judgment is in the public interest.

9. The United States's Competitive Impact Statement demonstrates [**or** Plaintiff's Competitive Impact Statement and Response to Public Comments demonstrate] that the proposed Final Judgment satisfies the public interest standard of 15 U.S.C. § 16(e).

10. Pursuant to the Stipulation and Order [**or** the short-form name of the stipulation, if different] dated [DATE of entry of stipulation by the Court], Defendants stipulated that the Final Judgment could be filed with and entered by the Court, upon the motion of the United States or upon the Court's own motion, at any time after compliance with the requirements of the APPA, and without further notice to any party or other proceeding [**or** the relevant language from the stipulation, if different].

11. The United States requests that this Court enter the Final Judgment without further proceedings or hearings.

Dated: December 4, 2024                                Respectfully Submitted,

                                                                  /s/ Kenneth A. Libby
                                                           Kenneth A. Libby
                                                           Special Attorney